# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DEONDRE EUGENE SMITH, | : | Case No. 2:24-cv-3208 |
| Plaintiff, | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Kimberly A. Jolson |
| JUDGE KIMBERLY COCROFT, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a motion for leave to proceed *in forma pauperis* in connection with a civil rights complaint in this Court.[1] (Doc. 1, 2). Plaintiff did not provide a certified copy of his prison trust fund account. (*See* Doc. 3). On June 20, 2024, the Court issued a Deficiency Order requiring Plaintiff to pay the full filing fee or submit a certified copy of his prion trust fund account statement within thirty (30) days. (Doc. 6). Plaintiff was advised that failure to comply with the Order would result in the dismissal of his case for want of prosecution. (*Id.*).

On July 22, 2024, the June 20, 2024 Deficiency Order was returned to the Court marked "Not in Custody Return to Sender." (Doc. 9). At the time Plaintiff filed the Complaint, he was located at the Franklin County Correctional Center awaiting a jury trial in Case Number 23-CR-3133. Based on a review of the Franklin County Clerk of Court's online records,[2] it appears that Plaintiff was acquitted of the criminal charges against him and is no longer in custody.

---

[1] The Complaint was initially filed in the United States District Court for the District of Columbia, before being transferred to this Court on June 12, 2024. (*See* Doc. 5).

[2] Viewed https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/ under Case No. 23CR003133. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

To date, more than thirty (30) days after the June 20, 2024 Deficiency Order, Plaintiff has failed to comply with the Order or provide the Court with a current address.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962).  *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  Failure of a party to inform the Court of a change in address or to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding.  *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date:   July 29, 2024                                         /s/ Kimberly A. Jolson
                                                              KIMBERLY A. JOLSON
                                                              UNITED STATES MAGISTRATE JUDGE