UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEONDRE EUGENE SMITH,**

      **Plaintiff,**

  v.                                        Case No. 2:24-cv-3208
                                                      Judge Edmund A. Sargus, Jr.
**JUDGE KIMBERLY COCROFT,** *et al.*,      Magistrate Judge Kimberly A. Jolson

      **Defendants.**

## ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on July 29, 2024. (R&R, ECF No. 10.) In that R&R, the Magistrate Judge explained that Plaintiff filed a motion for leave to proceed *in forma pauperis*, but the Court informed him in an Order that his motion was deficient and warned him that failure to comply with the Order would result in dismissal of his case for want of prosecution. (*Id.* PageID 8.) That Order was returned to the Court marked "Not in Custody Return to Sender" because Plaintiff was no longer in custody at the Franklin County Correctional Center awaiting a jury trial. (*Id.*) Because Plaintiff failed to comply with the Court's Deficiency Order, and failed to update his address, the Magistrate Judge recommends dismissal of Plaintiff's Complaint for lack of prosecution. (*Id.* PageID 9.)

    Once a magistrate judge issues a report and recommendation, the relevant statute provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C). The failure to file written objections to a magistrate judge's report and recommendation waives a *de novo* determination by the district court of any issues addressed in

1

the report and recommendation. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Plaintiff was advised of his right to object to the R&R and of the consequences of failing to do so (ECF No. 10, PageID 9), but did not file a timely objection. Accordingly, Plaintiff waived a *de novo* review of the R&R.

The Court has reviewed the R&R, agrees with the recommendations stated therein, and **ADOPTS** and **AFFIRMS** the R&R. (ECF No. 10.) Plaintiff's Complaint is **DISMISSED** for lack of prosecution.

The Clerk is **DIRECTED** to **ENTER JUDGMENT** and close this case.

**IT IS SO ORDERED.**

**9/10/2024**                           s/Edmund A. Sargus, Jr.
**DATE**                                  **EDMUND A. SARGUS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**